# United States District Court

## EASTERN DISTRICT OF OKLAHOMA

**UNITED STATES OF AMERICA,**

*Plaintiff,*

**v.**

**GUADALUPE MANCERA-CABELLO,**
**a/k/a Guadalupe Mancera Cabello,**
**a/k/a Guadalupe Mancer-Cabello,**
**a/k/a Guadalupe Cabello Mancera,**
**a/k/a Guadalupe Mancera-Cabello,**
*Defendant.*

**CRIMINAL COMPLAINT**

**Case No. 26-MJ-250-DES**

I, William Steele, the undersigned complainant, state that the following is true to the best of my knowledge and belief.

On or about September 3, 2026, in the Eastern District of Oklahoma, **GUADALUPE MANCERA-CABELLO**, a/k/a Guadalupe Mancera Cabello, a/k/a Guadalupe Mancer-Cabello, a/k/a Guadalupe Cabello Mancera, a/k/a Guadalupe Mancera-Cabello, committed the crime of **Unlawful Reentry of Removed Alien** in violation of Title 8, United States Code, Section 1326(a).

I further state that I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), and that this complaint is based on the following facts:

(See Affidavit of William Steele which is attached hereto and made a part hereof by reference.)

☒ Continued on the attached sheet.

William Steele
Special Agent
Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI")

Sworn to on September 9, 2026.

D. EDWARD SNOW
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer

Signature of Judicial Officer

# AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent William R. Steele, being duly sworn under oath, do hereby depose and state:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent employed by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"). I was rehired by HSI as a full time, sworn federal agent in October 2025. Prior to this appointment, I was a full-time, sworn federal agent with HSI from 2003 until retirement in 2025. As a result of my employment, my duties include, but are not limited to, the investigation and enforcement of Titles 8, 18, 19, 21, and 31 of the United States Code. I am an "investigative or law enforcement officer of the United States" within the meaning defines in 18 U.S.C. § 2510(7), in that I am an agent of the United States authorized by law to investigate violations of federal laws and make arrests for violations of those laws. As part of my duties as a Special Agent, I investigate immigration-related criminal violations relating to violations of 8 U.S.C. § 1326, illegal reentry of removed aliens.

2. After a subject is in ICE custody, investigators or deportation officers identify that the subject was not born in the United States, then the subject's fingerprints and biographical information are submitted to the Integrated Automated Fingerprint Information System ("IAFIS") and the Automated Biometric Identification System ("IDENT"). If the subject has ever been encountered by an immigration officer, this search of the immigration databases will show if the subject has an "A" File with a corresponding A-File number.

3. An "A-File" or Alien-File is a file kept and maintained by United States Citizenship and Immigration Services ("USCIS") and is the official file for all immigration and naturalization records for a particular alien. The A-File is identified by an A-File number. The A-File and A-File

number are linked to the alien's fingerprints, which are unique to every individual. No two aliens have the same A-File or A-File number.

4. It is common practice for law enforcement to first obtain fingerprint results to verify an alien's identity, because in my knowledge, training, and experience, it is common for aliens to attempt to mislead law enforcement officers, state and local officials, and members of the United States Government as to their identity. This is often done through the use of false names, dates of birth, and other biographical information. Aliens do this to avoid deportation or to gain immigration-based benefits – especially when they have an active removal order. Therefore, ICE relies on the individual's A-number, confirmed via fingerprint, to identify Aliens who are subject to removal.

5. Subjects that are amenable to removal are then administratively processed for either an immigration hearing or for removal. Those subjects that have been identified as being previously removed who then unlawfully returned to the United States are referred for further review to ascertain if the subject meets the criteria for federal prosecution.

6. The facts and statements in this affidavit are based in part on information provided by other law enforcement officers and on my personal observations and training and experience as a special agent with HSI. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. It is my belief that a male alien known as **Guadalupe Mancera-Cabello (MANCERA)**; DOB 08/08/1979; A-file Number 097 543 597, has violated 8 U.S.C. § 1326 by illegally or unlawfully re-entering the United States after being previously removed.

## PROBABLE CAUSE

8. On 9/3/2026 at approximately 1130 hours Oklahoma Highway Patrol Trooper Will Landsheft #455 observed a white Lincoln Navigator bearing Oklahoma tag QCS158 traveling northbound on the Main Street on ramp to US-69 northbound near Eufaula, Oklahoma. The vehicle was being operated with a defective passenger side taillight, improperly merged onto the highway by failing to maintain a single lane of traffic, departing the roadway onto the shoulder, and accelerating to a speed of 82 miles per hour (MPH) in a marked 70 MPH zone. Trooper Landsheft initiated a traffic stop in the area of US-69 northbound approximately half a mile from the Main Street on-ramp and within the Eastern District of Oklahoma. Trooper Landsheft contacted the male driver, later identified as **Guadalupe Mancera-Cabello (MANCERA)**, and the front seat passenger. Trooper Landsheft explained the reason for the stop and requested identification. Both individuals supplied Mexico Consular ID cards.

9. **MANCERA** provided Trooper Landsheft his Mexico Consular ID card. Based on the documentation and routine patrol questioning of **MANCERA**, Trooper Landsheft believed **MANCERA** was a foreign born national. During law enforcement checks Trooper Landsheft contacted ICE Agent Fern Ivey to determine whether **MANCERA** was legally present in the United States. Ivey advised Trooper Landsheft that **MANCERA** was illegally present in the United States and/or wanted for immigration violations and authorized the arrest of **MANCERA**. Trooper Landsheft identified himself as a designated immigration agent and **MANCERA** was taken into custody without incident. **MANCERA** was transported to the McIntosh County Sheriff's Department and remanded directly into ICE custody.

10. While at ICE facility, **MANCERA's** fingerprints were taken as part of the booking process. A Deportation Officer (DO) performed records checks conducted through the Federal

Bureau of Investigation and Immigration databases, which verified that **MANCERA** is an alien and a citizen of Mexico with an Alien File number of A 097 543 597.

11. The biometrics hit confirmation and a search of immigration databases show that **MANCERA** was previously removed from the United States on four occasions. **MANCERA** was most recently removed from the United States at Del Rio, TX on October 26, 2020. **MANCERA** was previously removed from the United States from Laredo, Texas on June 10, 2016, from Laredo, Texas on October 15, 2004, and from Laredo, Texas on August 4, 2006. Records indicated that **MANCERA** was previously convicted of 8 USC 1326, Illegal Reentry into the United States on March 13, 2020, and May 25, 2016.

12. **MANCERA** has never received permission to re-enter the United States and has never received consent from the Secretary of Homeland Security to re-apply for admission to the United States.

13. **MANCERA's** immigration and criminal history reflect the following aliases that are associated with him: "GUADALUPE MANCERA CABELLO", "GUADALUPE MANCER-CABELLO", "GUADALUPE CABELLO MANCERA", "GUADALUPE MANCERA-CABELLO".

14. **MANCERA** remains in ICE custody.

**CONCLUSION**

Based on the foregoing, I believe there is probable cause to arrest **Guadalupe Mancera-Cabello**; for a violation of 8 U.S.C. § 1326, Unlawful Reentry of Removed Alien.

Respectfully submitted,

[signature]

William R. Steele, HSI Special Agent

Sworn to me on the 9th day of September, 2026.

UNITED STATES MAGISTRATE JUDGE